Revised: March 8, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
BRIAN TOTIN,

                       Plaintiff(s),        No. **21**-cv-**2916**(    ) (OTW)

          -against-

DIGIULIO GROUP REAL ESTATE LLC,
and JUSTIN DIGIULIO

                       Defendant(s).

-------------------------------------------------------------x

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on **June 22, 2021** and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

    1.    **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Brings the action for copyright infringement based on Defendants' alleged unauthorized use of 116 photographs authored and owned by Plaintiff.

**Defendant:**
Defendant asserts that if there was any infringement of copyright, it was innocent infringement.

    2.    **Basis of Subject Matter Jurisdiction:** alleged violation of a federal statute

*Revised: March 8, 2018*

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>
Defendants' general business operations / practices

<u>Defendant:</u>
Evidence of alleged willfull conduct including but not limited to Plaintiff's general business practices; the manner in which Plaintiff distributes his works and to whom.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on _____. In addition, on __July 27, 2021__, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on _____. In addition, on __July 27, 2021__, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by __November 10, 2021.__

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

    i.    <u>Depositions</u>: Depositions shall be completed by **10/13/21** and limited to no more than __3__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before __9/13/21__. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before __10/13/21__.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on __8/13/21__ and responses shall be due on __9/13/21__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

_____N/A_____
_____
_____

7.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated?_____No_____

    b.    Last date to amend the Complaint: ___September 13, 2021_____

*Revised: March 8, 2018*

8.  **Expert Witness Disclosures**

At this time, the parties     do not          anticipate utilizing experts.  Expert discovery shall be completed by _____.

9.  **Electronic Discovery and Preservation of Documents and Information**

    a.  Have the parties discussed electronic discovery?  __Yes_____

    b.  Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place?  __No. By September 13, 2021_____

    c.  Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

    _____No_____
    _____
    _____

10. **Anticipated Motions**

    _____No_____
    _____
    _____

11. **Early Settlement or Resolution**

The parties have                         discussed the possibility of settlement.  The parties request a settlement conference by no later than  __August 13, 2021_____.  The following information is needed before settlement can be discussed:

_____
_____
_____

12. **Trial**

    a.  The parties anticipate that this case will be ready for trial by __November 13, 2021__

4

    b.    The parties anticipate that the trial of this case will require __3__ days.

    c.    The parties do _____ consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a jury trail.

13.    **Other Matters**

_____
_____
_____

Respectfully submitted this _____ day of _____.

ATTORNEYS FOR PLAINTIFF(S):        ATTORNEYS FOR DEFENDANT(S):

_____                  _/s/ David K. Hou_____

Plaintiff Pro-se                                  **David K. Hou, Esq.**